■ NU-LIFE CONSTRUCTION CORP., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants, and STANLEY DOBROWOLSKI et al., Respondents. [611 NYS2d 529] — Order, Supreme Court, Kings County (Aaron Bernstein, J.), entered on or about January 27, 1992, which denied the defendants' motion pursuant to CPLR 3212 to dismiss the complaint and granted the plaintiff's cross-motion for leave to amend the complaint to assert a cause of action for breach of contract against the defendant Board of Education, unanimously reversed, on the law, the plaintiff's motion is denied, the defendants' motion is granted, and the complaint is hereby dismissed, without costs.

In this, the seventh proceeding commenced by the plaintiff against, *inter alia,* the Board of Education (Board) and Stuart Horowitz, four causes of action are alleged upon which damages are sought based on the alleged solicitation of bribes and kickbacks from the plaintiff in connection with contracts for painting and repairs at three public schools located in Brooklyn. The claims are identified in the complaint as causes of action for negligent supervision by the Board of its employees, tortious interference with plaintiff's contracts with the Board, tortious interference with plaintiff's pre-contractual relations with other contractors and prima facie tort.

Plaintiff's first cause of action insofar as it seeks to recover damages under the theory of negligent supervision should have been dismissed. The plaintiff has failed to plead or demonstrate either that a special relationship existed between it and the Board such that the Board owed a duty to it beyond that owed to the general public or that the Board's alleged negligent supervision was the proximate cause of plaintiff's damages *(De Long v County of Erie,* 60 NY2d 296, 304). Moreover, insofar as plaintiff alleges nonpayment by the

Board for sums allegedly owed for work it completed on three public school facilities and frustration by Board employees of plaintiff's attempts to complete its work under the contracts, the complaint describes breach of contract claims and seeks damages not recoverable under tort theory. It has been stated that "merely alleging that the breach of a contract duty arose from a lack of due care will not transform a simple breach of contract into a tort" *(Sommer v Federal Signal Corp.,* 79 NY2d 540, 551).

Plaintiff's second cause of action purports to allege a cause of action for tortious interference with contract against appellant Board employee Stuart Horowitz. It is well settled that "[a]n agent cannot be held liable for inducing his principal to breach a contract with a third person, at least where he [or she] is acting on behalf of his principal and within the scope of his authority" *(Kartiganer Assocs. v Town of New Windsor,* 108 AD2d 898, 899, *appeal dismissed* 65 NY2d 925, citing *Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 915; *Shaw v Merrick,* 60 AD2d 830; *Greyhound Corp. v Commercial Cas. Ins. Co.,* 259 App Div 317). Plaintiff has failed to produce evidence in opposition to the summary judgment, to prove that Horowitz was at any time acting other than as an agent of the Board, or to show that Horowitz committed any independent tort. Moreover, it is noteworthy that the default hearings held by the Board with respect to plaintiff's defaults under the contracts at issue commenced in December 1984, well before defendant Horowitz was hired by the Board in March of 1985.

Plaintiff's third cause of action which alleges tortious interference with pre-contractual relations is barred by both plaintiff's failure to timely file a notice of claim pursuant to General Municipal Law § 50-e and plaintiff's failure to comply with Education Law § 3813 (2). Although the alleged interference occurred, and was concededly known to the plaintiff, in April of 1985, the notice of claim filed by the plaintiff on July 1, 1985 made no mention of the specific claims plaintiff seeks to prove by way of this cause of action. Plaintiff failed to file a notice of claim alleging any pre-contractual interference until August 1987, more than one year and ninety days after the alleged interference occurred *(see, Klein v City of Yonkers,* 53 NY2d 1011, 1013).

The determination by the trial court, that the time to file the notice of claim began to run on July 24, 1987, was based on rulings dismissing the first and second actions commenced by plaintiff. The tortious interference alleged in plaintiff's

third cause of action at issue here was not alleged in the prior actions and is not even alleged to have occurred prior to April of 1985 when the two prior actions referred to by the trial court were commenced. Furthermore, the service of a summons and complaint cannot be deemed a substitute for a timely notice of claim. It is well settled that the required notice of claim is a condition precedent to suit *(Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 61).

The allegations in plaintiff's fourth cause of action are conclusory and fail to support a cause of action for prima facie tort primarily because of plaintiff's failure to allege that the acts committed by defendants were motivated solely by " 'disinterested malevolence' " *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333). Moreover, the cause of action fails to contain a particularized statement of the reasonable, identifiable and measurable special damages *(Constant v Hallmark Cards,* 172 AD2d 641, 642). The damages plaintiff seeks to recover, i.e., lost profits on contracts where it was the purported low bidder but failed to receive the award and lost profits on contracts which it claims it would have bid on but for its failure to be awarded the so called "first tier contracts", are not cognizable under the law of this State *(Woods Adv. v Koch,* 178 AD2d 155).

We find it was an abuse of discretion for the trial court to have granted the plaintiff leave to amend its complaint to add a cause of action for breach of contract where the plaintiff has failed to file a timely notice of claim. The notice of claim dated August 17, 1987 upon which the trial court relied cannot be read to support the proposed cause of action for breach of contract *(Colena v City of New York,* 68 AD2d 898, 900). Concur—Sullivan, J. P., Ellerin, Ross, Asch and Tom, JJ.