■ ROSEMARY CABAN, as Administratrix of the Estate of JOHN CABAN, Deceased, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [615 NYS2d 379] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about January 15, 1993, which, insofar as relevant, denied plaintiff Ralph Davis's cross motion to refer the motions to another Justice of the Supreme Court, granted defendant New York City Transit Authority's ("NYCTA") cross motion to dismiss the complaint for failure to state a cause of action and failure to commence the action within the period of the statute of limitations, and denied defendant's cross motion to disqualify plaintiffs' counsel pursuant to Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24), unanimously affirmed, without costs.

Plaintiff Caban's ("Caban") decedent and plaintiff Davis were injured in an accident in the course of their employment with NYCTA on July 29, 1983. Caban's decedent died less than two months later as a result of the injuries sustained.

Despite a court order to produce its records of investigations and reports concerning the accident, NYCTA did not disclose a board of inquiry report which implicated a contractor who had worked in the area some years prior. The report was

produced in July, 1989 during the course of motion practice involving other defendants and NYCTA as a third-party defendant. At that time, the period of limitations had expired with respect to the implicated contractor, and plaintiffs sought to amend their complaint to bring direct action against NYCTA, not for the injuries received as a result of the accident for which their sole remedy was Workers' Compensation benefits, but for an independent tort of impairment of their ability to pursue claims against a tortfeasor by virtue of NYCTA's failure timely to disclose the board of inquiry report naming a likely culprit (see, Coley v Arnot Ogden Mem. Hosp., 107 AD2d 67, 68-69 [3d Dept 1985]). Plaintiffs were granted leave to amend their complaint (Caban v Gottlieb Iron Works, 147 Misc 2d 583, affd on other grounds sub nom. Caban v Bonaco Constr. Corp., 172 AD2d 377), only to later have it dismissed in the order now appealed. The IAS Court properly dismissed plaintiffs' claim against NYCTA for failure to plead an essential element of the cause of action, namely service of a timely notice of claim, and failure to commence the action within one year and 90 days of the accrual of the claim. "[A]ccrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint." (Snyder v Town Insulation, 81 NY2d 429, 432.) Here the claim became enforceable when, due to NYCTA's failure to disclose records pursuant to a court order, plaintiffs were precluded from pursuing a claim against a third-party potential tortfeasor by the expiration of the applicable period of limitation. Plaintiff Caban's wrongful death claim expired September 7, 1985 and both plaintiffs' claims for personal injury expired July 30, 1986. They were thus required to file notices of claim within 90 days thereafter or to move for leave to file late notices of claim within the one year and 90 day period prescribed by Public Authorities Law § 1212 (2). Neither did so, and thus their claims are time-barred (see, Nu-Life Constr. Corp. v Board of Educ., 204 AD2d 106, 107-108, citing Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61).

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Ross, Nardelli and Tom, JJ.