■ E. I. DU PONT DE NEMOURS & COMPANY, Appellant, v SPINDLE CITY DISTRIBUTING, INC., et al., Respondents. [636 NYS2d 944] —Mercure, J. Appeal from an order of the Supreme Court (Spain, J.), entered September 30, 1994 in Albany County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

In November 1980, plaintiff and defendant Spindle City Distributing, Inc. entered into a sales agreement authorizing Spindle City's distribution of plaintiff's Corian product (a material used for kitchen and bathroom countertops) and accessories in the designated trading area. On October 8, 1990, plaintiff notified Spindle City in writing of its intent to terminate the agreement 30 days hence. At Spindle City's request, on November 8, 1990, plaintiff granted Spindle City authorization to order Corian until November 16, 1990, thereafter extended to November 30, 1990. In late November 1990, Spindle City placed orders totaling approximately $430,000, four to six times Spindle City's average monthly purchase of Corian. After first issuing its computer-generated "customer order acknowledgement" forms with respect to the orders, plaintiff advised Spindle City by letter dated December 11, 1990 that, excluding a $50,000 order that was scheduled to be shipped that day, it would accept no more than $100,000 in additional orders.

In April 1991, Spindle City commenced an action in Federal court seeking a declaration that plaintiff's acceptance of Spindle City's November 1990 order created a valid contract between the parties. The Federal action was dismissed without

prejudice for lack of subject matter jurisdiction. Plaintiff then commenced this action in October 1992 to recover for Spindle City's alleged fraudulent inducement of the extension of the distributor agreement. In its answer, Spindle City alleged (as its third counterclaim) that plaintiff breached its agreement with Spindle City by refusing to ship the November 1990 order. Defendants moved for partial summary judgment dismissing the complaint and for judgment on Spindle City's third counterclaim. Supreme Court granted the branch of the motion seeking dismissal of the complaint but denied summary judgment on Spindle City's third counterclaim. Plaintiff appeals.

In our view, there is no merit to either the fraud cause of action alleged in the complaint or the contract cause of action pleaded as defendant's third counterclaim. Accordingly, we shall modify Supreme Court's order only to the extent of awarding summary judgment in favor of plaintiff dismissing the latter pursuant to CPLR 3212 (b). Based upon the uncontroverted documentary evidence submitted on the motion and cross motion, we conclude, first, that neither the distributor agreement between plaintiff and Spindle City, plaintiff's extension of Spindle City's right to order Corian following notice of termination of the distributor agreement nor the "customer order acknowledgement" forms issued by plaintiff deprived plaintiff of the right to place reasonable limits on Spindle City's Corian orders in late November 1990. Spindle City's assertion of a right to "stockpile" Corian for future sale is wholly inconsistent with plaintiff's clear intent to terminate Spindle City's authority to deal in the product, and the express terms of plaintiff's November 8, 1990 letter to Spindle City granted the latter nothing more than the right to "continue to order Corian as [it] currently [was]".

As for the unpleaded theory that plaintiff's issuance of the "customer order acknowledgement" forms created an independent contract, we need merely note the forms' recitation that "this confirms our acceptance of this order *by the delivery specified herein*" (emphasis supplied). Obviously, the instruments' express provision for acceptance at a future time, i.e., the time of delivery of the product described in the forms, which never took place, belies the claim of acceptance at the time of issuance of the forms.

We also agree with Supreme Court's dismissal of the complaint. Fundamentally, the elements of a fraud cause of action are "misrepresentation of a material fact, falsity, scienter, deception and injury" (*Franco v English*, 210 AD2d 630, 632-

633). Even if we were to accept the factual allegation that Spindle City induced plaintiff's extension of the distributor agreement by falsely representing that it would order only enough Corian to fill orders existing at the time of termination, the fact remains that plaintiff expressly limited the extension to a continuation of Spindle City's current volume of purchases and, in fact, refused to fill the extraordinary order of November 1990. Under the circumstances, plaintiff cannot establish its detrimental reliance upon the allegedly fraudulent representation.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as failed to award summary judgment in favor of plaintiff dismissing the third counterclaim of defendant Spindle City Distributing, Inc.; plaintiff is awarded summary judgment to that extent and said counterclaim is dismissed; and, as so modified, affirmed.