■ WENCESLAO ROSARIO-SUARZ, Respondent, v WORMUTH BROTHERS FOUNDRY, INC., Appellant, and RAPPORT, MEYERS, GRIFFIN & WHITBECK, Respondent. [649 NYS2d 225] —Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 30, 1995 in Greene County, which denied a motion by defendant Wormuth Brothers Foundry, Inc. for summary judgment dismissing the complaint and all cross claims against it.

On the evening of November 29, 1990, plaintiff suffered a heart attack, which he alleges began earlier that day while he

was working as a machine operator for defendant Wormuth Brothers Foundry, Inc. Thereafter, in December 1993, plaintiff commenced this action against Wormuth and defendant Rapport, Meyers, Griffin & Whitbeck, a law firm that plaintiff had retained to pursue his workers' compensation claim, alleging that Wormuth intentionally deprived him of workers' compensation benefits and that Rapport failed to protect his rights under the Workers' Compensation Law. Specifically, plaintiff's amended verified complaint asserted four causes of action against Wormuth—prima facie tort, tortious interference with contract, negligent interference with contract and fraud—based upon Wormuth's alleged misfeasance in processing a claim for disability benefits, as opposed to workers' compensation benefits, and two causes of action against Rapport—negligence and legal malpractice—based upon Rapport's alleged failure to pursue plaintiff's workers' compensation claim prior to the expiration of the Statute of Limitations.

Following joinder of issue, Wormuth moved for summary judgment dismissing the complaint against it and dismissal of Rapport's cross claims for contribution and indemnification. Wormuth also requested the imposition of sanctions and counsel fees. Supreme Court denied Wormuth's motion in its entirety, and this appeal ensued.

As a starting point, we cannot agree with Wormuth that this action is nothing more than an attempt to resuscitate an untimely claim for workers' compensation benefits. In this regard, it is well settled that "an employee can maintain a common-law action against the employer if such suit is based, not upon the compensable injury itself, but on a different distinct injury resulting from the impairment of the employee's legal rights to workers' compensation benefits" (*Coley v Arnot Ogden Mem. Hosp.*, 107 AD2d 67, 68). Plaintiff has done precisely that here by alleging that Wormuth engaged in conduct designed to deprive him of workers' compensation benefits.

Turning to the merits, we are of the view that Supreme Court erred in failing to grant Wormuth's motion for summary judgment dismissing plaintiff's cause of action for prima facie tort. A cause of action for prima facie tort must include "(1) the infliction of intentional harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series of acts which are otherwise lawful" (*Butler v Delaware Otsego Corp.*, 218 AD2d 357, 361). In this regard, there can be no recovery in prima facie tort unless the defendant's conduct resulted solely from " 'disinterested malevolence' " (*see, Burns Jackson Miller*

*Summit & Spitzer v Lindner*, 59 NY2d 314, 333; *Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 919, *lv dismissed* 76 NY2d 936).

In support of its motion for summary judgment, Wormuth submitted, *inter alia*, the proof of claim form completed by plaintiff and his treating physician, Terrence Flannery, wherein Flannery indicated that plaintiff's disability was not the result of an injury "arising out of and in the course of employment or occupational disease", and an affidavit from its then-personnel manager, Kathleen Roeben, who averred that plaintiff never informed her that he was claiming that his heart attack constituted a work-related injury and that based upon her conversation with plaintiff, it was her understanding that plaintiff wished to apply solely for disability benefits. Such proof was sufficient to sustain Wormuth's burden on its motion for summary judgment, thereby shifting the burden to plaintiff to tender sufficient proof in admissible form to raise a question of fact in this regard. This plaintiff failed to do. Even accepting as true plaintiff's assertion that, on the day of his heart attack, he informed supervisory personnel that he was experiencing a sharp pain in his right side, such proof is insufficient to raise a question of fact as to whether Wormuth's conduct in processing a claim for disability benefits, as opposed to one for workers' compensation benefits, resulted solely from disinterested malevolence.[1]

We reach a similar conclusion regarding plaintiff's cause of action for intentional interference with contract, which requires proof of (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional inducement of the third party to breach that contract, and (4) damages (*see*, *Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94). As with a claim for prima facie tort, the plaintiff must establish that the defendant's procurement of the alleged breach was "solely malicious" (*Leibowitz v Szoverffy*, 80 AD2d 692, 693, *lv denied* 53 NY2d 608). Plaintiff's proof here fell short of that mark, as plaintiff failed to come forward with any evidence that Roeben and/or Wormuth's conduct was motivated by malice, personal gain or a desire to injure plaintiff (*see generally*, *Backus v Planned Parenthood*, 161 AD2d 1116, 1117). Accordingly,

---

1. Notably, plaintiff's own examination before trial testimony on this issue was inconclusive. Although plaintiff conceded that he never told Roeben that he thought that his heart attack *was* work related, he insisted that he never informed any of Wormuth's personnel that his heart attack was *not* work related.

Supreme Court should have granted Wormuth's motion for summary judgment dismissing this cause of action.[2]

Plaintiff's final cause of action for fraud, which is based upon Wormuth's submission of a "false" statement to its compensation carrier representing that plaintiff's injury was not related to his employment, likewise fails. It is well settled that a cause of action for fraud consists of four elements: (1) misrepresentation of a material fact, (2) scienter, (3) justifiable reliance, and (4) injury or damages (see, E. I. du Pont de Nemours & Co. v Spindle City Distrib., 224 AD2d 772, 773). As a review of the record reflects that plaintiff retained Rapport to pursue his claim for workers' compensation benefits prior to the expiration of the Statute of Limitations, plaintiff cannot satisfy the reliance element; his reliance, if any, upon Wormuth's alleged misrepresentation ceased upon retaining Rapport to pursue his claim for workers' compensation benefits.

As a final matter, although we agree with Wormuth that Rapport's cross claims for contribution and indemnification must be dismissed as well, we decline the invitation to impose sanctions and counsel fees. Accordingly, Supreme Court's order should be modified to the extent of granting Wormuth's motion for summary judgment dismissing the complaint and all cross claims against it.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant Wormuth Brothers Foundry, Inc. for summary judgment dismissing the complaint and all cross claims against it; motion granted to that extent, summary judgment awarded to said defendant and the complaint and all cross claims are dismissed against it; and, as so modified, affirmed.

---

2. Although tortious interference with contract is a recognized tort in this State, such interference must be intentional, as opposed to merely negligent (see, Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281), and, as such, plaintiff's cause of action for negligent interference with contract cannot stand.