■ ANTHONY J. PIZZITOLA, Appellant, v BERKSHIRE LIFE INSURANCE COMPANY, INC., Respondent. [655 NYS2d 129] —Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered October 16, 1995 in Albany County, which, inter alia, partially granted defendant's motion for summary judgment by dismissing the second cause of action in the complaint.

In May 1968, plaintiff obtained a life insurance policy from defendant which provided, in relevant part, that defendant would waive payment of the premiums due thereunder in the event that plaintiff became totally disabled within the meaning of the policy. Shortly thereafter, plaintiff also purchased a disability policy from defendant. Plaintiff subsequently sustained certain injuries and, in April 1981, applied for benefits under the aforementioned disability policy. Plaintiff also sought a waiver of the premiums due on the life insurance policy with defendant.

Although defendant initially made payments to plaintiff under the disability policy, questions thereafter arose regarding plaintiff's eligibility for such benefits and, in November 1981, plaintiff met with one of defendant's claims representatives, Dorothy Cohen, to resolve this issue. At the conclusion of this meeting, Cohen determined that plaintiff was not in fact eligible to receive benefits under the disability policy, and plaintiff executed a release in favor of defendant in exchange for $750.[1] As to the waiver of premiums issue, Cohen advised plaintiff that he was not entitled to the waiver at that time because he did not meet the definition of totally disabled as set forth in the life insurance policy.

Plaintiff's subsequent efforts to procure the desired waiver proved unsuccessful and, in June 1991, plaintiff commenced this action for breach of contract, fraud and emotional distress. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for leave to amend his complaint.[2] Supreme Court, *inter alia*, granted defendant's motion for summary judgment dismissing plaintiff's cause of action for fraud and denied plaintiff's cross motion in its entirety. This appeal by plaintiff ensued.

We affirm. "It is well settled that a cause of action for fraud consists of four elements: (1) misrepresentation of a material fact, (2) scienter, (3) justifiable reliance, and (4) injury or damages" (*Rosario-Suarz v Wormuth Bros. Foundry*, 233 AD2d 575, 578; *see, Landes v Sullivan*, 235 AD2d 657, 658). In this regard, plaintiff asserts that Cohen deceived him by representing that he was not disabled and by assuring him that he could reopen his disability claim and reapply for the waiver of premiums under the life insurance policy in the event that he received a disability pension from the New York State Retirement System. Such assurances, plaintiff contends, prompted him to execute the release.

Our review of the record discloses two principal flaws in plaintiff's argument. First, even assuming that Cohen indeed duped plaintiff into executing the aforementioned release with respect to his claim under the disability policy, any misrepresentations made by Cohen in this regard are in no way relevant or material to plaintiff's cause of action for fraud, which is based upon defendant's refusal to grant the requested waiver of premiums under the life insurance policy. Additionally,

---

1. The litigation that ensued regarding the disability policy and the benefits paid thereunder is not at issue on this appeal.

2. Plaintiff also withdrew his cause of action for emotional distress.

with respect to Cohen's assurances that plaintiff could reapply for the waiver of premiums if he could establish a total disability under the terms of the life insurance policy, the record reflects that plaintiff did in fact reapply for the requested waiver on more than one occasion and, hence, Cohen's representations in this regard cannot be deemed either fraudulent or misleading. The mere fact that plaintiff's application for the waiver was denied does not provide him with a viable cause of action for fraud. Finally, plaintiff's assertion that he relied upon Cohen's statements regarding the status of his disability and his eligibility for the requested waiver is belied by his conduct subsequent to the November 1981 meeting. Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing plaintiff's cause of action for fraud. Plaintiff's remaining contentions, including his assertion that Supreme Court erred in denying his cross motion for leave to amend his complaint, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.