GILBERT VELAZQUEZ, Respondent-Appellant, v LACKMANN FOOD SERVICES AT OLD COUNTRY ROAD, INC., Appellant-Respondent, et al., Defendant. [674 NYS2d 413] —In an action to recover damages for breach of an employment contract, the defendant Lackmann Food Services at Old Country Road, Inc., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered May 18, 1997, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals from so much of the same order as denied that branch of his cross motion which was to dismiss the third, fourth, and fifth counterclaims.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, that branch of the motion of Lackmann Food Services at Old Country Road, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the plaintiff's cross motion which was to dismiss the third, fourth, and fifth counterclaims are granted, the complaint and the third, fourth, and fifth counterclaims are dismissed, and the remaining counterclaim is severed.

The plaintiff's employment contract with the defendant Lackmann Food Services at Old Country Road, Inc. (hereinafter Lackmann Food), provided that if he remained "in the employ of the Company until December 1, 1995, the Company shall pay" him a "salary deferred incentive". The plaintiff alleges that he "continued to work * * * in various capacities" for Lackmann Food until August 1996 and that he is entitled to a "salary deferred incentive" of $1,000,000.

In its motion for summary judgment, Lackmann Food submitted evidence establishing that the plaintiff's employment relationship with it terminated in 1993 (*see, Scott v Massachusetts Mut. Life Ins. Co.,* 86 NY2d 429, 433; *Matter of Ted Is Back Corp. [Roberts],* 64 NY2d 725). Because the plaintiff failed to raise a triable issue of fact in this regard, the Supreme

Court should have granted Lackmann Food's application for summary judgment (*see, Scott v Massachusetts Mut. Life Ins. Co., supra,* at 434; *Zuckerman v City of New York,* 49 NY2d 557, 562).

The court also erred in refusing to dismiss Lackmann Food's third, fourth, and fifth counterclaims, which alleged tortious interference with contractual relations. Lackmann Food did not allege that the plaintiff intentionally procured the breach of any contract, that any contract was in fact breached, or that the contract would not have been breached but for the plaintiff's conduct (*see, Schuckman Realty v Marine Midland Bank,* 244 AD2d 400; *see also, Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424-425). Bracken, J. P., O'Brien, Copertino and Altman, JJ., concur.