■ STEVEN HENNESSEY et al., Respondents, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Defendant, and GUILDERLAND AGENCY, INC., et al., Appellants. [683 NYS2d 342] —Crew III, J. Appeal from an order of the County Court of Albany County (Rosen, J.), entered April 3, 1998, which affirmed an order of the City Court of the City of Albany partially denying the cross motion of defendants Guilderland Agency, Inc. and James H. Murray, III for summary judgment dismissing the complaint against them.

At all times relevant to this appeal, plaintiffs owned two separate properties—a camp located off Little Troy Road on Lake Cassayuna in Washington County and a residence located at 42 College Avenue in the City of Troy, Rensselaer County. Although it appears that defendant General Accident Insurance Company of America initially insured both properties, General Accident canceled coverage on the residence in October 1988 due to the poor condition thereof. Thereafter, defendant James H. Murray, III, president of defendant Guilderland Agency, Inc. (hereinafter collectively referred to as defendants), secured coverage for plaintiffs' residence through a succession of insurance carriers—first Security Mutual Insurance Company, then Travelers Insurance Companies, followed by New York Mutual Underwriters, all of which subsequently issued cancellation notices due to the condition of the property. Finally, in August 1989, New York Mutual agreed to issue a "straight fire policy" which, Murray averred, did not cover any loss due to theft.

In July 1993, plaintiffs' residence was burglarized and defendants forwarded a claim for the loss incurred to General Accident for processing. Apparently believing that it still insured plaintiffs' residence, General Accident paid the claim.[1] Thereafter, in July 1995, plaintiffs' residence again was

---

1. This erroneous belief stemmed from a clerical error in the file.

burglarized and defendants again forwarded plaintiffs' claim to General Accident. This time, however, General Accident denied payment, noting that the policy covering plaintiffs' camp did not provide coverage for the theft of property "AT ANY OTHER RESIDENCE OWNED BY, RENTED TO, OR OCCUPIED BY AN INSURED, EXCEPT WHILE AN INSURED IS TEMPORARILY LIVING THERE".[2]

Plaintiffs thereafter commenced this action against General Accident and defendants setting forth causes of action sounding in breach of contract and misrepresentation. Following joinder of issue, General Accident moved for summary judgment dismissing the complaint and defendants cross-moved for similar relief, with the latter contending, *inter alia*, that plaintiffs' claims were barred by the applicable Statute of Limitations. City Court granted General Accident's motion in its entirety and granted defendants' cross motion as to the cause of action for breach of contract. Defendants then appealed to County Court, arguing that plaintiffs' third cause of action for misrepresentation should have been dismissed as well. County Court affirmed City Court's denial of that portion of defendants' cross motion for summary judgment and this appeal ensued.

Initially, to the extent that plaintiffs' third cause of action may be read as asserting that defendants failed to procure the requested coverage for plaintiffs' residence in the first instance, which appears to be the crux of plaintiffs' argument on appeal, we agree with defendants that such cause of action is time barred.[3] As a general rule, "insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (*Murphy v Kuhn*, 90 NY2d 266, 270). In this regard, a cause of action for an agent's failure to procure the requested coverage is governed by a six-year Statute of Limitations (*see, Brownstein v Travelers Cos.*, 235 AD2d 811, 812). Here, defendants finally obtained a straight fire policy for plaintiffs' residence through New York Mutual in 1989. Even accepting that defendants failed to obtain the coverage desired by plaintiffs at that time and/or misrepresented the scope of the coverage then available under

---

**2.** An interview with plaintiff Steven Hennessey revealed that plaintiffs were residing at their camp on Lake Cassayuna at the time of the loss and, hence, General Accident determined that the "TEMPORARILY LIVING THERE" exception did not apply to the City of Troy residence.

**3.** The complaint itself makes a conclusory reference to the "representations, assurances and acknowledgments" allegedly made by defendants prior to and after the 1993 loss.

the aforementioned policy, as this action was not commenced until 1996 plaintiffs' claim in this regard clearly is time barred.

We reach a contrary conclusion, however, with respect to plaintiffs' assertion that their cause of action for misrepresentation did not accrue until 1993 when defendants forwarded their initial theft claim to General Accident for payment. "It is well settled that a cause of action for fraud consists of four elements: (1) misrepresentation of a material fact, (2) scienter, (3) justifiable reliance, and (4) injury or damages" (*Rosario-Suarz v Wormuth Bros. Foundry*, 233 AD2d 575, 578; *see, Pizzitola v Berkshire Life Ins. Co.*, 237 AD2d 778, 779). Based upon our review of the record as a whole, we are persuaded that a question of fact exists as to whether defendants' submission of plaintiffs' theft claim to General Accident in 1993, coupled with their assurances that "the claim would be processed and taken care of", constituted an affirmative representation of coverage. Questions of fact also exist, in our view, regarding whether defendants were aware that coverage for plaintiffs' loss could not possibly be afforded under the General Accident policy and, further, to the extent that defendants' conduct rose to the level of a material misrepresentation, whether plaintiffs justifiably relied upon such representations. Accordingly, County Court properly denied this portion of defendants' cross motion for summary judgment dismissing the complaint. Defendants' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.