**Russell L. ANDERSON, Plaintiff,**

v.

**ASET CORPORATION, Defendant.**

**No. 03–CV–6411L.**

United States District Court, W.D. New York.

Aug. 10, 2004.

Samuel F. Prato, Rochester, NY, for Plaintiff.

Andrew Peter Zappia, Nixon Peabody LLP, Rochester, NY, for Defendant.

### DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Russell Anderson, commenced this action against Aset Corporation ("Aset"), alleging tort claims based on alleged false accusations made against plaintiff by an Aset employee. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. For the reasons that follow, the motion is granted.

## FACTUAL BACKGROUND

The complaint alleges the following facts, which the Court assumes to be true for purposes of the motion to dismiss. Plaintiff was formerly employed at Delphi Automotive Systems Corporation ("Delphi") in Rochester, New York. At some point during plaintiff's employment at Delphi, Delphi hired Aset, a security consulting firm, to conduct a security investigation at its Rochester plant. As part of that investigation, an Aset employee, Nadra Siler, was given access to Delphi's plant.[1]

In the course of her investigation, Siler reported to officials at Delphi that plaintiff had used marijuana on company property in Siler's presence, and that he had sold her some as well. As a result of these statements, which plaintiff alleges were false, plaintiff was fired "on the grounds that plaintiff violated Shop Work Rules # 40 as provided in the collective bargaining agreement between Delphi and the United Auto Workers, the contract under which plaintiff was employed." Complaint ¶ 9.

The complaint asserts two causes of action against Aset. The first alleges that Aset, acting through its employee Siler, tortiously interfered with plaintiff's employment contract with Delphi. The second cause of action alleges that Siler, acting in the course of her employment with Aset, conspired with unidentified persons at Delphi to interfere with plaintiff's employment contract, by making false accusations against him.

---

**1.** The complaint does not expressly allege how Siler conducted her investigatory activities, but she apparently posed as a Delphi

## DISCUSSION

### I. Preemption

Defendant contends that plaintiff's claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), which provides for federal jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees." Defendant asserts that plaintiff's claims are preempted because they relate to the collective bargaining agreement ("CBA") covering his employment.

Section 301 "provides an especially broad jurisdiction." *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir.2001). Thus, "[t]he 'unusual pre-emptive power' accorded section 301 extends to create federal jurisdiction even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim." *Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir.2003) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 122 n. 16, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994)).

Here, plaintiff's two causes of action both relate to alleged tortious interference with his employment contract. In order to prevail on such a claim, a plaintiff must show (1) the existence of a valid contract between himself and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional inducement of the third party to breach that contract, and (4) damages. *Murray v. SYSCO Corp.*, 273 A.D.2d 760, 761, 710 N.Y.S.2d 179 (3d Dep't 2000).

In the case at bar, then, plaintiff would have to show that defendant induced (or conspired to induce) Delphi, plaintiff's employer, to breach his employment con-

---

employee, or otherwise operated in some "undercover" capacity.

tract. That contract is the CBA. Accordingly, resolution of plaintiff's claims would require interpretation of the CBA, and those claims are therefore preempted by the LMRA. *See, e.g., Mattis v. Massman,* 355 F.3d 902, 907 (6th Cir.2004); *Steinbach v. Dillon Companies, Inc.,* 253 F.3d 538, 540–43 (10th Cir.2001); *Wall v. Construction & General Laborers' Union, Local 230,* 224 F.3d 168, 178 (2d Cir.2000); *Kimbro v. Pepsico, Inc.,* 215 F.3d 723, 725–27 (7th Cir.2000); *Turner v. American Fed. of Teachers Local 1565,* 138 F.3d 878, 884–85 (11th Cir.1998); *Morris v. Ambassador Nursing Home, Inc.,* 845 F.Supp. 1164, 1167 (E.D.Mich.1994); *Thomas v. Gregg Security, Inc.,* Civ. A. No. 92–1103, 1994 WL 714172, at *2 (W.D.Pa. May 20, 1994).[2]

In an apparent effort to avoid this result, plaintiff states in his brief that although the complaint (which plaintiff's attorney presumably drafted) on its face asserts a claim for "tortious interference with the employment contract," the complaint is "misleading" in that regard, Plaintiff's Memorandum of Law at 2, and *should* state that the claim is for "tortious interference with plaintiff's employment *relations* under a contract." *Id.* (emphasis added).

Accepting *arguendo* the truth of plaintiff's assertion that his own complaint is "misleading," it is not immediately apparent how this distinction between a contract and "relations under a contract" makes any difference. It seems that plaintiff is attempting to argue that his claims do not directly relate to the CBA, because he is not alleging that defendant caused Delphi to breach the terms of the CBA, but only that defendant caused Delphi to terminate

plaintiff's employment. In other words-according to plaintiff-resolution of plaintiff's claims would not require any interpretation of the CBA.

■ There are several flaws in plaintiff's argument, however. First, the complaint says what it says, and a memorandum of law is not a proper vehicle for rewriting or amending the complaint. *Dawson v. Bumble & Bumble,* 246 F.Supp.2d 301, 316 (S.D.N.Y.2003) ("Dawson's purported clarification effectively endeavors to rewrite or amend the Complaint through her opposition brief, a procedure not permitted by the Federal Rules"); *Ostrof v. State Farm Mut. Auto. Ins. Co.,* 200 F.R.D. 521, 523 n. 1 (D.Md. 2001); *Penson v. Cowen & Co.,* No. 89 CIV.2012, 1990 WL 3242, at *2 (S.D.N.Y. Jan.9, 1990).

■ Second, merely recharacterizing or renaming his claims is of no avail to plaintiff, since it does not appear that New York recognizes a tort of interference with employment "relations" under a contract, that is separate or different from the tort of interference with the employment contract itself. If such a cause of action does exist, it still must be shown that the contract governing the plaintiff's employment relations was breached.

The only New York cases cited by plaintiff in support of these "renamed" claims do not support his contention that, by alleging interference with employment "relations under a contract," he can avoid the need to show a breach of that contract. In *Velazquez v. Lackmann Food Services at Old Country Road, Inc.,* 251 A.D.2d 495, 674 N.Y.S.2d 413 (2d Dep't 1998), the court held that the lower court erred in refusing

**2.** None of the three Second Circuit cases cited by plaintiff, *Wynn v. AC Rochester,* 273 F.3d 153 (2d Cir.2001); *Foy v. Pratt & Whitney Group,* 127 F.3d 229 (2d Cir.1997); and *Gay*

*v. Carlson,* 60 F.3d 83(2d Cir.1995), stands for the proposition that tortious-interference claims are not preempted by the LMRA.

to dismiss counterclaims (by the employer against the employee) for tortious interference with contractual relations, since the employer "did not allege that the plaintiff intentionally procured the *breach* of any contract, that any contract *was* in fact breached, or that the contract would not have been breached but for the plaintiff's conduct." *Id.* at 496, 674 N.Y.S.2d 413 (emphases added). Likewise, in *Hoag v. Chancellor, Inc.,* 246 A.D.2d 224, 677 N.Y.S.2d 531 (1st Dep't 1998), the court stated that "[t]he elements of a tortious interference with contract claim are well established-the existence of a valid contract, the tortfeasor's knowledge of the contract and intentional interference with it, the resulting *breach* and damages." *Id.* at 229, 677 N.Y.S.2d 531 (emphasis added). The court said *nothing* about interference with employment "relations."

I conclude, therefore, that for plaintiff to prevail on his claims, he would have to show a breach of the CBA, and that resolution of those claims would therefore "require a court to address relationships that have been created through the collective bargaining process . . . ." *Mattis,* 355 F.3d at 907. Plaintiff's claims are therefore preempted by the LMRA, and must be dismissed.

## II. Even if LMRA Preemption Does not Exist, Plaintiff's Claims Fail Under State Law

 Defendant also argues that even if plaintiff's claims are not preempted, they must be dismissed, because it is clear from the complaint that Aset was acting as Delphi's agent with respect to the events and acts giving rise to those claims. Defendant relies upon the well-established rule that an agent cannot be liable for inducing its principal to breach a contract, as long as the agent acted on behalf of the principal and within the scope of its authority.

*See, e.g., Murtha v. Yonkers Child Care Ass'n,* 45 N.Y.2d 913, 915, 411 N.Y.S.2d 219, 383 N.E.2d 865 (1978); *Nu–Life Const. Corp. v. Board of Educ. of City of New York,* 204 A.D.2d 106, 107, 611 N.Y.S.2d 529 (1st Dep't), *leave to appeal dismissed,* 84 N.Y.2d 850, 617 N.Y.S.2d 139, 641 N.E.2d 160 (1994).

Plaintiff has failed to address this alternative argument. While that alone may not warrant ruling in defendant's favor, I do find that, if plaintiff's claims were not preempted, they would still be subject to dismissal on this ground.

The complaint alleges that at all relevant times: Aset was conducting an investigation at Delphi's plant; Siler, acting within the scope of her employment, undertook certain activities at Delphi's plant as part of that investigation; and she reported her findings to Delphi. Complaint ¶¶ 6–10. The complaint also alleges that Siler committed these acts in furtherance of a conspiracy with *Delphi* employees to cause plaintiff to be discharged from his employment. Complaint ¶ 12. Accordingly, I find that, assuming the facts alleged in the complaint to be true, Aset acted as Delphi's agent, and therefore could not be held liable under New York law for inducing Delphi to breach plaintiff's employment contract.

Finally, I note that, in response to defendant's motion concerning preemption, plaintiff now appears to contend that he does *not* allege that defendant induced Delphi to breach plaintiff's employment contract. He asserts that his tortious-interference claim rests only on the allegation that defendant's actions caused plaintiff's employment to be terminated, and he does not appear to contend that Delphi's termination of him, based upon the reports about plaintiff that Delphi had received from Siler, was itself wrongful or in breach of the CBA.

As explained above, however, to the extent that New York courts recognize a claim for tortious interference with employment relations under a contract, a plaintiff asserting such a claim must still allege that the employment contract was breached at some point. Therefore, to the extent that plaintiff asserts that Delphi did not breach the CBA, plaintiff's state law claims would fail for that reason as well.[3]

## CONCLUSION

Defendant's motion to dismiss the complaint (Docket # 4) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

---

3. In his response to defendant's motion, plaintiff has submitted several exhibits, including Siler's reports to Delphi, plaintiff's notice of termination from Delphi, and a New York State Department of Labor ruling on plaintiff's claim for benefits. Plaintiff requests that the Court accept these exhibits, and convert defendant's motion to a motion for summary judgment pursuant to Rule 12(b).

I see no basis for doing so, however. These exhibits go to the truth of plaintiff's factual allegations about what Siler did, why plaintiff was fired, etc., and do not relate to the legal issues presented by defendant's motion. The Court has already assumed the truth of plaintiff's allegations, however, and found that he has failed to state a legally cognizable claim.