Lugo v Excel Conveyor LLC
2026 NY Slip Op 03636
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Rodery Lugo, Plaintiff-Respondent,
v
Excel Conveyor LLC, Defendant, Golden Krust Caribbean Bakery Inc., Defendant Appellant.

Decided and Entered: June 09, 2026
Index No. 809066/22|Appeal No. 6850|Case No. 2025-03968|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Law Office Shahab Katirachi, New York (Anthony Bianchi of counsel), for appellant.
The Law Office of Joseph Monaco, P.C., New York (Michael T. Altman of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Shawn T. Kelly, J.), entered on or about June 12, 2025, which denied the motion of defendant Golden Krust Caribbean Bakery Inc. pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint as against it, unanimously affirmed, without costs.
Golden Krust's motion to dismiss was procedurally defective since it was not "made before service of the responsive pleading was required" (CPLR 3211 [e]). Moreover, it would not have been appropriate for the court to convert the motion to one for summary judgment because: 1) adequate notice was not given; 2) the motion was not driven purely by questions of law, and indeed, there was a material factual question as to whether Golden Krust failed to adequately disclose the manufacturer of the conveyor that allegedly injured plaintiff, its employee; 3) the parties had not requested that the motion be converted; and 4) the parties had not made clear that they were charting a summary judgment course (CPLR 3211 [c]; see Wiesen v New York Univ., 304 AD2d 459, 460 [1st Dept 2003]).
In any event, dismissal of the amended complaint would not have been appropriate since the motion papers did not resolve the issues of fact identified above. Further, because plaintiff's claims do not arise from the accident itself, but rather from Golden Krust's alleged failure to disclose information regarding the actual tortfeasor, they are not barred by Workers' Compensation Law § 11 (see Caban v New York City Tr. Auth., 207 AD2d 287, 288 [1st Dept], lv denied 85 NY2d 801 [1995]). Nor are the claims time-barred, as they did not accrue for statute of limitations purposes until the statute of limitations for plaintiff's claims against the third-party tortfeasor expired (see id. ["the claim became enforceable when, due to [the defendant]'s failure to disclose records pursuant to a court order, [the] plaintiffs were precluded from pursuing a claim against a third-party potential tortfeasor by the expiration of the applicable period of limitation"]).
We have considered Golden Krust's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026