OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff worked for MRC, Inc. for 27 years as a machine grinder. His duties included grinding bearings on machines utilizing various chemical and petroleum products, as well as a coolant. On August 17, 1989, plaintiff developed respiratory
 
 *847
 
 symptoms including breathing difficulty, throat and chest pains, and coughing. His symptoms persisted, and over a
 
 2112-month.
 
 period, plaintiff made repeated trips to a local hospital and a nearby health center. The doctors’ reports reflected a diagnosis that coolant exposure caused plaintiffs illness. On an October 30, 1989 visit to the health center, plaintiff told an attending nurse that "the coolant is killing me.” Plaintiff also filed a workers’ compensation claim and Employer’s Report of Injury/Illness forms, outlining the same symptoms and stating that the coolant exposure was at fault.
 

 Plaintiff commenced this, action on October 29, 1993. Defendant moved for summary judgment dismissing the complaint as untimely under CPLR 214-c. Supreme Court denied summary judgment, but the Appellate Division, two Justices dissenting, reversed. We agree with the Appellate Division majority that plaintiffs claim was untimely.
 

 In
 
 Matter of New York County DES Litig.
 
 (89 NY2d 506), we recently held that the three-year limitations period for bringing an action to recover for the latent effects of exposure to a toxic substance commences "when the injured party discovers the primary condition on which the claim is based”
 
 (id.,
 
 at 509). We rejected the contention that the plaintiff must also discover that the injury has a nonbiological cause
 
 (id.,
 
 at 514).
 

 Here, the symptoms that afflicted plaintiff in 1989 led him to make repeated visits to the hospital and the health center for treatment, to file a workers’ compensation claim and to submit injury investigation reports to his employer. These actions, together with plaintiffs statements and the documentary evidence of his diagnoses demonstrate that plaintiff had discovered the injury underlying his claims. Neither plaintiffs contention that his symptoms worsened and changed in 1991 nor the diagnosis of a doctor he first visited in September 1991 that substances other than the coolant caused his injury makes his claim timely. All that is necessary to start the limitations period is that plaintiff be aware of the primary condition for which damages are sought.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs, in a memorandum.