■ MOBILE DIAGNOSTIC SERVICES, INC., Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant, et al., Defendant. [662 NYS2d 971] —Order, Supreme Court, New York County (Walter Tolub, J.), entered March 7, 1996, unanimously affirmed for the reasons stated by Tolub, J., without costs or disbursements. No opinion. Concur—Milonas, J. P., Nardelli, Rubin, Mazzarelli and Andrias, JJ.

■ HELGA R. BORING, Appellant, v SHOWA DENKO, K.K., et al., Respondents. [662 NYS2d 124] —Order, Supreme Court, New York County (Carol Arber, J.), entered June 20, 1996, which granted defendants' motion to dismiss the complaint as barred by the Statute of Limitations, unanimously affirmed, with costs.

Even if, as plaintiff claims, her cause of action for toxic injuries resulting from the ingestion of L-tryptophan in the late 1980's accrued in Missouri, not California as the IAS Court found, then, under CPLR 202, New York's three-year limitations period would apply, not Missouri's five-year period, and, for the alternative reasons stated by the IAS Court, the cause of action would be time-barred given an accrual date no later than the commencement of plaintiff's California action against defendants herein based on the same occurrences as those alleged herein. The commencement of this virtually identical action refutes plaintiff's claim that an issue of fact exists as to whether the cause of action accrued only when a doctor finally diagnosed her with the eosinophilia myalgia syndrome that has been linked to L-tryptophan (*see, Matter of New York County DES Litig. [Wetherill v Eli Lilly & Co.]*, 89 NY2d 506; *Whitney v Quaker Chem. Corp.*, 90 NY2d 845). We have considered plaintiff's other arguments and find them to be without merit. Concur—Milonas, J. P., Nardelli, Rubin, Mazzarelli and Andrias, JJ.