■ Susan O'Halloran et al., Respondents, v 345 Park Company et al., Defendants, and Benjamin Moore & Co., Appellant. (And a Third-Party Action.) [675 NYS2d 55] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 17, 1997, which, in an action to recover for toxic injuries allegedly caused by exposure to defendant-appellant's paint product, granted plaintiffs' motion to amend the complaint, and denied defendant's cross motion to dismiss the complaint as against it as time-barred, unanimously affirmed, without costs.

Defendant's evidence in support of its cross motion to dismiss is insufficient to prove that plaintiffs' cause of action accrued in 1990. Rather, the documentary evidence supports plaintiff's contention that she "discover[ed] the primary condition on which the claim is based" (*Matter of New York County DES Litig.*, 89 NY2d 506, 509; CPLR 214-c [2]) in September 1991, less than three years before the action was commenced against defendant in August 1994. To the extent that plaintiff may have exhibited some symptoms after her alleged exposure to paint fumes in 1990, these "early symptoms [were] too isolated or inconsequential to trigger the running of the Statute of Lim-

itations under CPLR 214-c (2)" (*supra*, at 514, n 4). Plaintiff only missed two and a half days of work after the alleged 1990 exposure, and neither sought medical attention nor filed a workers' compensation claim until after the subsequent 1991 exposure (*compare, Whitney v Quaker Chem. Corp.*, 90 NY2d 845). Concerning amendment of the complaint, which seeks only to add new legal theories based on the same set of facts already pleaded, defendant fails to articulate any resulting prejudice (*see, Norwood v City of New York*, 203 AD2d 147, *lv dismissed* 84 NY2d 849; *Trusthouse Forte [Garden City] Mgt. v Garden City Hotel*, 106 AD2d 271). We have considered defendant-appellant's other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.