■ Creighton E. Miller, Appellant, v Akronchem Corp. et al., Defendants, and Alliedsignal, Inc., et al., Respondents. [715 NYS2d 841] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered June 17, 1999, which granted defendants-respondents' motions and cross-motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Although a negligence plaintiff need not show the precise cause of the alleged damages (*see, Millerman v Georgia Pac. Corp.*, 214 AD2d 362, 363), there must be evidence linking the injury to a defendant (*see, Silverstein v Walsh Press & Die Co.*, 119 AD2d 658, 659-660), and, in a product liability case, to a manufacturer's defectively designed product (*see, Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 110). Here, there is no eyewitness testimony placing the decedent in a specific area at a specific time, much less placing an identifiable defendant's product in the same area at the same time (*cf., Dollas v Grace & Co.*, 225 AD2d 319, 320). Under the unique circumstances of this case, and since the ultimate burden of persuasion was plaintiff's (*see, e.g., Baker v Vanderbilt Co.*, 260 AD2d 750, 752), the motion court did not violate plaintiff's rights as a summary judgment opponent by considering the adequacy of defendants' showing of entitlement to judgment as a matter of law in the context of plaintiff's failure to adduce evidence contradicting what defendants' evidence, gleaned from witnesses identified by plaintiff, so strongly suggested, namely, that there was no demonstrable connection between defendants-respondents and decedent's injury (*cf., id.*) Concur— Nardelli, J. P., Williams, Mazzarelli and Andrias, JJ.