■ CREIGHTON E. MILLER, as Administrator of the Estate of MOSES ANDREWS, Deceased, Appellant, v AMERADA HESS CORP.

et al., Respondents, et al., Defendants. [715 NYS2d 392] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered June 24, 1999, which granted defendants-respondents' motions and cross motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Summary judgment was properly granted, since here, as in *Miller v Akronchem Corp.* (276 AD2d 447 [decided herewith]), there was no eyewitness testimony placing the decedent in a specific area at a specific time, or placing an identifiable defendant's product in the same area at the same time (*cf.*, *Dollas v Grace & Co.*, 225 AD2d 319, 320), and also, as in *Miller*, the motion court did not violate plaintiff's rights as a summary judgment opponent. In addition, the motion court correctly held that plaintiff's "survivor" claims against the maritime defendants were time-barred (*see*, *Santiago v Lykes Bros. S. S. Co.*, 986 F2d 423, 426). The "cause of action accrues when a reasonable person knows or in the exercise of reasonable diligence should know of both the injury and its governing cause", and "an injured plaintiff [has] an affirmative duty to investigate the potential cause of his injury upon experiencing symptoms or once the injury manifests itself" (*Lechowicz v Consolidated Rail Corp.*, 190 AD2d 998, 999). A reasonable person in decedent's position would have suspected that his leukemia "could have been" work-related (*Corcoran v New York Power Auth.*, 202 F3d 530, 544, *cert denied* 529 US 1109), and a reasonable person in the decedent's circumstances would have made some sort of further inquiry. Here, the decedent made no inquiry at all and, accordingly, the accrual question was properly decided, as a matter of law, in defendants' favor. Concur—Nardelli, J. P., Williams, Mazzarelli and Andrias, JJ.