Matter of Batkier v City Univ. of N.Y. (2003 NY Slip Op 51599(U))

[*1]

Matter of Batkier v City Univ. of N.Y.

2003 NY Slip Op 51599(U)

Decided on September 15, 2003

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 15, 2003

Supreme Court, Kings County
IN THE MATTER OF THE CLAIM OF JOSEPH BATKIER, MARIA BATKIER, MONICA BATKIER, NICOLE BATKIER, OLEG GORELIK, FAINA GORELIK, YELENA GORELIK, MICHAEL GORELIK, MADELINE KLINGS, LAWRENCE QUITMAN, MARINA TRUBITSKY, LUBOV PYATIGORSKAYA, Plaintiffs, 
against
CITY UNIVERSITY OF NEW YORK, KINGSBOROUGH COMMUNITY COLLEGE, AND PLATO GENERAL CONSTRUCTION Defendants.
Index # 32460/02

Francois A. Rivera, J.
Upon the foregoing papers, defendant City University of New York (hereinafter CUNY) and Kingsborough Community College (hereinafter KCC) move for an order pursuant to CPLR §3211(a)(7) and CPLR §3212 dismissing plaintiffs' complaint for failure to comply with General Municipal Law sections 50-e and 50-i. Said defendants also move for an order granting summary judgment in their favor pursuant to CPLR §3212 claiming that plaintiffs' action is time barred by the one year and ninety day statute of limitations requirement of General Municipal Law section 50-i. Plaintiffs oppose the motion.
This is an action brought by the plaintiffs for alleged personal injuries and property damage caused by construction work performed by defendants near plaintiffs' homes in Brooklyn, New York. Joseph Batkier owned a home at 1804 Shore Boulevard, Oleg Gorelik's home is at 1812 Shore Boulevard, Madeline Klings' home is at 181 Pembroke Street, Denis Trubitsky's home is at 171 Pembroke Street, and Lubov Pyatigorskaya's home is at 175 Pembroke Street. All of these homes are located within the immediate vicinity of KCC. Specifically, plaintiffs allege that defendant Plato General Construction performed demolition and construction work for KCC near plaintiffs' respective homes and caused the release of noxious fumes and unhealthy odors adversely affecting their health. Plaintiffs also allege, among other things, that the continuous demolition and construction work caused significant property damage including cracks in the structure and damage to the foundation of their respective homes.
On April 14, 2000, plaintiffs served a Notice of Claim upon CUNY, alleging that the demolition activities complained of began on or about November of 1999. Plaintiffs indicated in [*2]the Notice of Claim, among other allegations, that defendants' construction and demolition activities caused noxious and unhealthy odors to be released into the environment damaging their homes and impairing their health. On August 15, 2002, plaintiffs served a summons and complaint on CUNY and Plato General Construction. At the same time plaintiffs also filed a second Notice of Claim on CUNY.
General Municipal Law §50-e(1)(a) states in pertinent part:
In any case founded upon tort where a notice of claim is required by law as a
condition precedent to the commencement of an action or special proceeding against a public corporation... the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises...
General Municipal Law §50-I(1)(c) states in pertinent part:
No action or special proceeding shall be prosecuted or maintained against a city unless the action or proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based..
CPLR §214-c(3) states in pertinent part:
For the purposes of §50-e and §50-I of the General Municipal Law... a claim or
for personal injury or injury to property caused by the latent effects of exposure
to any substance or combination of substances, in any form, upon or within the
body or upon or within property shall be deemed to have accrued on the date
when through the exercise of reasonable diligence the injury should have
been discovered, whichever is earlier.
In a toxic tort action, such as the case at bar, the statute of limitations is computed from the date plaintiff discovers the injury or from the date when plaintiff should have discovered the injury through the exercise of reasonable diligence, whichever is earlier (CPLR §214-c[3]; Annunziato v City of New York, 224 AD2d 31, 35; see also Whitney v Quaker Chemical, 90 NY2d 845; Matter of N.Y. County DES Litigation, 89 NY2d 506). There is no dispute that the Notice of Claim was served over 120 days after the alleged incidents and that plaintiffs did not move for leave to file a late Notice of Claim. Because plaintiffs' action was commenced well beyond the GML §50-e and 50-I limitations periods, it can be saved by CPLR §214-c if plaintiffs can demonstrate that discovery of their injuries occurred within the one year, ninety day period immediately preceding service and filing of the summons and complaint in August, 2002.
Although plaintiffs dispute the actual date of discovery of their injuries, contending that their physical injuries began to manifest in August 2002, their original Notice of Claim, served and filed on April 14, 2000, shows otherwise. In particular, plaintiffs alleged therein that defendant's activities caused noxious and unhealthy odors to be released into the environment damaging their health and their property. The Notice, therefore, demonstrated plaintiffs' knowledge of defendants' activities and awareness of their physical symptoms and manifestations of injuries caused by defendants' conduct. These alleged toxic tort injuries are part of the damages for which compensation is being sought.
[*3]
Discovery of the injury under the toxic tort statute, CPLR §214-c, occurs when the injured party discovers the primary physical condition on which the claim is based. The term "injury" of CPLR §213-c refers to an actual illness, physical condition or other similarly discoverable objective manifestation of the damage caused by previous exposure to an injurious substance (Sweeney v General Printing Inc., 210 AD2d 865, 866[3rd Dept. 1994], citing Fusaro v Porter-Hayden Co., 145 Misc.2d 911, 915.
The plaintiffs' initial Notice of Claim revealed that through symptoms that had already begun to manifest by April 2000, plaintiffs had discovered the injuries underlying their toxic tort claims. The contention that their symptoms worsened or changed after the filing of the first Notice of Claim in April, 2000, or that doctors diagnosed their conditions during the statute of limitations period, cannot make their action timely. All that is necessary to start the limitations period is that plaintiffs be aware of the primary condition for which damages are sought (Whitney v Quaker Chemical, supra., 90 NY2d at 847).
To toll the statute of limitations until a physician diagnosed the claimant's condition would allow the date on which the claim accrues to depend on such fortuitous circumstances as the medical sophistication of the individual plaintiff and the diagnostic acuity of his or her chosen physician (Matter of New York County DES Litigation, supra. 89 NY2d at 515).
Plaintiffs' summons and complaint was filed over two years after the plaintiffs' discovered their injuries. Therefore, defendants' motion for summary judgment is granted.
The foregoing constitutes the decision and order of the court.
Francois A. Rivera, J.S.C.
Decision Date: September 15, 2003