■ GRISELL CABRERA, Respondent, v PICKER INTERNATIONAL, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [770 NYS2d 302]—

Order, Supreme Court, Bronx County (Anne Targum, J.), entered May 13, 2003, which denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Insofar as based on CPLR 214-c (2), the motion was properly denied for failure to show that plaintiff discovered the primary condition on which the claim is based before September 1992, more than three years before she instituted the action (*Matter of New York County DES Litig.*, 89 NY2d 506, 509, 514 [1997]). To the extent that plaintiff may have exhibited some symptoms after her alleged exposure to chemical fumes and before

September 1992, those " 'early symptoms [were] too isolated or inconsequential to trigger the running of the Statute of Limitations under CPLR 214-c (2)' " (*O'Halloran v 345 Park Co.*, 251 AD2d 260, 260-261 [1998], *lv dismissed* 92 NY2d 1026 [1998], quoting *DES Litig.* at 514 n 4; *see also Johnson v Exxon Corp.*, 258 AD2d 946 [1999]). While plaintiff complained of shortness of breath and had intermittent coughs, her physical activities were not affected, she did not miss work until February 1993, she was not diagnosed with chronic obstructive pulmonary disease, her claimed injury, until June 1993, she did not stop working until July 1993 and she did not file a workers' compensation claim until August 1993 (*compare Whitney v Quaker Chem. Corp.*, 90 NY2d 845 [1997]).

Defendant also fails to establish that it did not owe plaintiff a duty of care. There is evidence that chemical spills were produced when defendant serviced the equipment at issue, that the chemical fumes were particularly intense after servicing and that plaintiff continually complained to defendant's service representatives about the chemical odors in the darkroom where she worked. Defendant may be found to have assumed a duty of care to plaintiff on the basis of such evidence, either because it created or exacerbated a dangerous condition, or because plaintiff, a known user of the premises, detrimentally relied on its performance of its contractual obligations to her employer (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-141 [2002]; *see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 586-587, 589 [1994]). Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.