■ WILLIAM ROSNER et al., Respondents, v MIRA, INC., et al., Appellants. [792 NYS2d 41]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 22, 2004, which denied the motion of defendant Schepens Eye Research Institute (SERI) for summary judgment dismissing the complaint as time-barred, granted plaintiffs' motion for leave to serve a second amended complaint seeking punitive damages, and denied defendant Mira, Inc.'s cross motion to amend its answer to assert a statute of limitations defense, unanimously modified, on the law, to grant SERI's motion and dismiss the complaint as against it, and to direct that discovery proceed with respect to plaintiffs' punitive damages claim, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant SERI dismissing the complaint as against it.

Under *Wetherill v Eli Lilly & Co.* (89 NY2d 506 [1997]), a cause of action based on exposure to a substance (*see* CPLR 214-c) accrues on the emergence of "the primary conditions that form the basis of plaintiff's claim" (at 514). Here, the pri-

mary manifestation of the condition that allegedly resulted from a malfunction of a scleral buckle designed by defendant SERI and manufactured by defendant Mira was the onset of extreme pain in plaintiff's left eye in 1998. This "discoverable objective manifestation" of the alleged injury (*see Krogmann v Glens Falls City School Dist.*, 231 AD2d 76, 78 [1997], *lv dismissed* 91 NY2d 848 [1997]) was sufficient to commence the running of the statutory period. Further, the 2000 injury was no more than a "complication" from an already-emerged ailment (*see Sweeney v General Print.*, 210 AD2d 865, 866 [1994], *lv denied* 85 NY2d 808 [1995]). Accordingly, defendant SERI, the only defendant to have timely interposed the defense of time-bar, was entitled to dismissal of the complaint as against it.

The motion and cross motion for leave to amend were properly decided. Plaintiffs sustained their burden of presenting allegations supported by facts in admissible form (*see Marinelli v Shifrin*, 260 AD2d 227, 229 [1999]) that, if proven, would warrant the imposition of punitive damages (*cf. Lee v Health Force, Inc.*, 268 AD2d 564 [2000]). Defendant Mira, on the other hand, premised its proposed time-bar pleading entirely on events shortly after the first implant of scleral buckle in 1992, yet offered no factual support for its allegations that plaintiff experienced the primary conditions of his injury (*see Wetherill, supra*) at that time. Even viewing defendant Mira's proposed amendment with the deference required at this juncture, Mira has shown no more than "intermittent" and "inconsequential" symptoms, not the discovery of primary conditions indicating an injury from the then newly installed implant (*see Cabrera v Picker Intl.*, 2 AD3d 308, 309 [2003]). Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.