Julia Castiglione, Respondent, v E.A. Morse & Company, Inc., Appellant. (And a Third-Party Action.) [802 NYS2d 278]—

Rose, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 19, 2004 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was employed as a custodian at Kingston High School in the City of Kingston, Ulster County, from 1990 until 2000. In the course of her employment, she used a product called Vandal-X to remove graffiti at the school where she worked. Although plaintiff had difficulty breathing when she inhaled fumes from Vandal-X in 1993 and 1994, she did not develop any significant or persistent symptoms until July 12, 1999, about a week after she had used it to clean a large number of school lockers, and only later was she diagnosed with chronic obstructive pulmonary disease. In May 2002, plaintiff commenced this action alleging that she sustained personal injury as a result of defendant's negligent manufacture and distribution of Vandal-X. Defendant ultimately moved for summary judgment dismissing the complaint, asserting that plaintiff's cause of action is time-barred. Finding that plaintiff commenced the action within three years of her discovery of the injury, Supreme Court denied the motion and defendant now appeals.

Plaintiff's personal injury claim is governed by the three-year limitations period provided in CPLR 214-c (2). For the purposes of this statute, discovery occurs "when the injured party discovers the primary condition on which the claim is based" (*Matter of New York County DES Litig.*, 89 NY2d 506, 509 [1997]; *see Scheidel v A.C. & S., Inc.*, 258 AD2d 751, 752-753 [1999]). Here, plaintiff's claim is based upon her chronic obstructive pulmonary disease. The record indicates that, prior to July 1999, she did not miss any time from work, file a workers' compensation claim, submit an injury report or otherwise indicate that she was aware, or should have been aware, that she was suffering from such a condition (*compare Whitney v Quaker Chem. Corp.*,

90 NY2d 845, 847 [1997]; *Scheidel v A.C. & S., Inc., supra* at 753; *Oeffler v Miles, Inc.*, 241 AD2d 822, 825-826 [1997]). Thus, to the extent that plaintiff had previously experienced some symptoms following her exposure to the fumes from defendant's product, we agree that her " 'early symptoms [were] too isolated or inconsequential to trigger the running of the Statute of Limitations under CPLR 214-c (2)' " (*O'Halloran v 345 Park Co.*, 251 AD2d 260, 260-261 [1998], *lv dismissed* 92 NY2d 1026 [1998], quoting *Matter of New York County DES Litig., supra* at 514 n 4; *see Cabrera v Picker Intl.*, 2 AD3d 308, 308-309 [2003]; *Johnson v Exxon Corp.*, 258 AD2d 946 [1999]).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.