KELLY HART, Appellant, v AMERICAN HOME PRODUCTS, Doing Business as WYETH, et al., Respondents. [806 NYS2d 552]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered June 1, 2005, dismissing the complaint and bringing up for review an order, same court and J.H.O., entered April 26, 2005, which granted defendants' motion and cross motion for summary judgment, unanimously affirmed, without costs. Appeal from the April 26, 2005 order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

In this action to recover for injuries allegedly sustained by plaintiff in consequence of in utero DES exposure, the record demonstrates that plaintiff suffered a miscarriage in 1992, was diagnosed and treated in 1998 for a stenoic cervical os, abnormal cervical cells and dysplasia, and that plaintiff's physician subsequently noted in her chart that she manifested "DES changes of the perineum and a cock's comb of the cervix." These symptoms, diagnoses and treatments were "primary manifestations of the condition" attributable to plaintiff's DES exposure (*see Rosner v Mira, Inc.,* 16 AD3d 277 [2005]; *and see Wetherill v Eli Lilly & Co.,* 89 NY2d 506 [1997]). Since these "discoverable objective manifestations" of the alleged condition were known to plaintiff and were sufficient to commence the running of the statute of limitations (*see Miller v Amerada Hess Corp.,* 276 AD2d 447 [2000]), the action, commenced in February 2002, is time-barred by the applicable three-year period of limitations. Concur—Tom, J.P., Friedman, Nardelli and Sweeny, JJ.