■ MANFREDO OCAMPO et al., Respondents, v ABETTA BOILER AND WELDING SERVICE, INC., Appellant. (And a Third-Party Action.) [822 NYS2d 52]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered July 29, 2005, which, to the extent appealed from, denied defendant's motion for summary judgment, unanimously affirmed, without costs.

Although a contractual obligation, standing alone, will not generally give rise to liability to third parties, an exception is created where a contractor fails to exercise reasonable care in the performance of his duties, thus launching a force or instrument of harm (*Vega v S.S.A. Props., Inc.*, 13 AD3d 298, 302 [2004]). Here, there was evidence presented that defendant negligently repaired the machine that had previously been taken out of operation. The machine was put back into operation only after it was believed that the repair had been made. Thus, defendant may be found to have assumed a duty of care to plaintiffs either because it exacerbated a dangerous condition or because plaintiffs detrimentally relied on defendant's performance of contractual obligations to their employer (*Cabrera v Picker Intl.*, 2 AD3d 308, 309 [2003]).

There are issues of proximate cause that must be determined by the trier of fact. Plaintiffs' expert's affidavit was sufficient to raise these issues. The expert affidavit submitted by defendant in reply (*Migdol v City of New York*, 291 AD2d 201 [2002]), merely presents a conflicting opinion raising issues of fact and credibility that cannot be resolved on a motion for summary judgment (*Bradley v Soundview Healthcenter*, 4 AD3d 194 [2004]; *see also Kumar v Stahlunt Assoc.*, 3 AD3d 330 [2004]).

We have considered defendant's other arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.