■ FELICIANO MATOS, Appellant, v SHELTER ROCK HOMES, INC., et al., Defendants, and LUCIANO'S CONSTRUCTION, INC., Respondent. [14 NYS3d 120]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 25, 2013, as granted that branch of the motion of the defendant Luciano's Construction, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Luciano's Construction, Inc., which was for summary

judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly was injured when he was struck by a fence door as he walked adjacent to a construction site. The construction site was owned by the defendant Shelter Rock Homes, Inc. (hereinafter Shelter Rock). Shelter Rock hired the defendant Luciano's Construction, Inc. (hereinafter Luciano), to perform, inter alia, the masonry work on the premises. Luciano moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it owed no duty of care to the plaintiff. The Supreme Court granted the motion.

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Mathey v Metropolitan Transp. Auth.*, 95 AD3d 842 [2012]). However, liability may be assigned where a contracting party, in "failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm," where a plaintiff "detrimentally relies on the continued performance of the contracting party's duties," or where "the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [internal quotation marks omitted]). Here, Luciano established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it owed no duty to the plaintiff. Luciano merely had a contract with the defendant Shelter Rock to do the masonry work. In opposition to Luciano's showing, however, the plaintiff raised a triable issue of fact, inter alia, as to whether Luciano launched a force or instrument of harm by failing to properly repair the fence door (*see Cohen v Schachter*, 51 AD3d 847 [2008]; *Grant v Caprice Mgt. Corp.*, 43 AD3d 708 [2007]; *Ocampo v Abetta Boiler & Welding Serv., Inc.*, 33 AD3d 332 [2006]; *Phillips v Seril*, 209 AD2d 496 [1994]). Accordingly, the Supreme Court should have denied that branch of Luciano's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.