## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: May 5, 2016                    521308
_____

LESLIE MALONE et al.,

                    Appellants,

          v                                         MEMORANDUM AND ORDER

COURT WEST DEVELOPERS, INC.,
                    Respondent,
                    et al.,
                    Defendant.
_____

Calendar Date: March 25, 2016

Before: McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Hach & Rose, LLP, New York City (Robert F. Garnsey of counsel), for appellants.

        Levene Gouldin & Thompson, LLP, Binghamton (Cynthia Manchester of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from an order of the Supreme Court (Tait, J.), entered March 13, 2015 in Broome County, which granted a motion by defendant Court West Developers, Inc. for summary judgment dismissing the complaint against it.

        Beginning in January 2002 and continuing until approximately June 2003, plaintiff Leslie Malone (hereinafter plaintiff) worked at a bank branch located in a building owned by defendant Court West Developers, Inc. (hereinafter defendant).

Plaintiff[1] commenced an action on September 26, 2005, alleging that, while working at the branch, he was exposed to mold contamination in the building that caused personal injuries in the form of asthma and permanent allergies. Defendant thereafter moved for summary judgment dismissing the complaint on the ground that it was not timely commenced. Supreme Court granted the motion, finding that plaintiff was aware of the primary symptoms of his injuries more than three years prior to the commencement of the action. Plaintiff appeals, and we reverse.

As an initial matter, in order to establish its entitlement to summary judgment dismissing the complaint on the basis of statute of limitations, defendant was required to show, at a minimum, that plaintiff's alleged exposure to a toxic substance did not occur within three years of the commencement of the action (see generally Germantown Cent. School Dist. v Clark, Clark, Millis & Gilson, 100 NY2d 202, 206 [2003]). If defendant exposed or continued to expose plaintiff to a toxic substance within three years of the commencement of the action, plaintiff could not have discovered any resulting injuries from such exposure at a time that would be barred by CPLR 214-c (2). Given that a plaintiff cannot discover the injurious effects of exposure to a toxic substance prior to that exposure occurring, and considering defendant's concession that plaintiff continued to be exposed to the mold at a time less than three years prior to the commencement of the action, defendant is not entitled to summary judgment dismissing the complaint on statute of limitations grounds.

Turning to the allegedly injurious exposure taking place more than three years prior to the commencement of the action, we find that defendant did not prove as a matter of law that plaintiff should have discovered his allergy and asthma conditions at a time that is barred by CPLR 214-c (2). Although

---

[1] Although initially there were additional plaintiffs, who were all named as appellants in the notice of appeal, they have all since discontinued their claims. Further, it appears that the action was discontinued as to defendant C.T. Male Associates, P.C.

plaintiff exhibited some symptoms, including skin and eye irritation and tightness in the throat, in the spring and summer of 2002, plaintiff also explained that such symptoms ceased when he would leave the building at the end of his shifts. Further, plaintiff averred that he did not seek medical treatment for these symptoms, miss work as a result of the symptoms or file a workers' compensation claim until late October 2002. Viewing the evidence in the light most favorable to plaintiff, the symptoms that plaintiff exhibited more than three years prior to the commencement of the action were too intermittent and inconsequential to trigger the running of the statute of limitations pursuant to CPLR 214-c (2) (see Castiglione v E.A. Morse & Co., Inc., 22 AD3d 934, 935 [2005]; Rosner v Mira, Inc., 16 AD3d 277, 278 [2005]; Cabrera v Picker Intl., 2 AD3d 308, 308-309 [2003]; Johnson v Exxon Corp., 258 AD2d 946, 685 [1999]; compare Scheidel v A.C. & S., Inc., 258 AD2d 751, 753 [1999], lv denied 93 NY2d 809 [1999]). Accordingly, defendant's motion for summary judgment dismissing the complaint should have been denied.

Garry, Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, and motion denied.

ENTER:

Robert D. Mayberger
Clerk of the Court