Aguilar-Lopez v Idust Cleaning Servs. Corp.
2026 NY Slip Op 03726
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Lidia Aguilar-Lopez, Plaintiff-Appellant,
v
Idust Cleaning Services Corp., et al., Defendants-Respondents, 380 Lafayette Nominee LLC, Defendant.

Decided and Entered: June 11, 2026
Index No. 156599/19|Appeal No. 6858|Case No. 2025-02058|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Mona Patel of counsel), for appellant.
Cuomo LLC, Mineola, (Steven R. Engrassia of counsel), for iDust Cleaning Services Corp., respondent.
Yapchanyk, Prezioso & Yang, New York (Christopher Yapchanyk of counsel), for 380 Lafayette Retail Owner LLC and Lafayette Street Partners II, LLC, respondents.

[*1]
Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about January 17, 2025, which granted the motion of defendant iDust Cleaning Services Corp. for summary judgment dismissing the complaint as against it, and the separate motion of 380 Lafayette Retail Owner LLC (Owner) and Lafayette Street Partners II, LLC (Tenant) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Owner established its entitlement to summary judgment as an out-of-possession landowner. The lease between Owner and Tenant requires Tenant, not Owner, to maintain and clean the premises, and, although Owner had a right to reenter the premises, inspect, and make needed repairs, plaintiff's testimony indicated that her slip and fall accident was caused by a wet staircase, not a structural or design defect (see Thomas v Triboro Maintenance Corp., 223 AD3d 582, 582-583 [1st Dept 2024]; Vasquez v The Rector, 40 AD3d 265, 266 [1st Dept 2007]).
Plaintiff's claims against Tenant, her employer, are barred by the exclusive remedy of the Workers' Compensation Law (Sanchez v Delta Airlines, Inc., 188 AD3d 616, 617 [1st Dept 2020]). "Grave injury" is an exception to this bar only in the context of third-party claims for contribution and indemnification, not for direct tort claims against a person's employer (see Workers' Compensation Law § 11[1]).
The record demonstrates that iDust, a commercial cleaning service retained by Tenant, did not owe plaintiff a duty of care, and that none of the three exceptions to the general rule that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" is applicable (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]; see Fernandez v Otis El. Co., 4 AD3d 69, 73 [1st Dept 2004]). The first exception does not apply, because, although plaintiff testified that she believed that she slipped on water on a staircase, the record lacks any admissible and non-speculative evidence that iDust "at any time affirmatively created or exacerbated any unsafe condition" (Welliver v T-C The Colo. LLC, 238 AD3d 579, 580 [1st Dept 2025]). The other two Espinal exceptions are also inapplicable. Plaintiff did not testify that she detrimentally relied on iDust's performance of its contractual obligations to Tenant (see Cabrera v Picker Intl., 2 AD3d 308, 309 [1st Dept 2003]). Nor did plaintiff establish that iDust's contract was so comprehensive and exclusive that it entirely absorbed Tenant's duty to safely maintain the premises, since the record reflects that Tenant employed someone whose duties included mopping throughout the course of the day (see Galloway v Arthur Clinton Hous. Dev. Fund Corp., 247 AD3d 526, 527-528 [1st Dept 2026]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026